**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| ALAN WAYNE WOODS and ) | Case No. 05-32207 |
| DAWN MICHELLE WOODS, ) | |
| ) | |
| Debtors. ) | |

## MEMORANDUM ORDER

When is a bankruptcy case not a bankruptcy case? In other words, can a bankruptcy case be declared "null and void"? And if it can, under what circumstances would it be appropriate to do so? These are the questions raised by the Debtors' motion to have their chapter 7 bankruptcy case declared null and void, and they are questions the Court has never before been asked to consider.

The Debtors contend that the Court has the authority to declare a bankruptcy case null and void, and that this relief is warranted here because the Debtors paid the trustee enough money to satisfy all of their debts. In support of their position, the Debtors rely solely on *In re Whitener*,[1] a case in which the bankruptcy court declared a case null and void where a debtor voluntarily paid all of his debts after receiving a discharge in a chapter 7 bankruptcy.

Cases on this issue are scarce, but upon review of *Whitener* and the few other cases meting out or denying similar relief, such as the expungement of a bankruptcy case, the Court is hesitant to state unequivocally that it has the authority to grant such relief. The courts facing the issue of whether to expunge, nullify, or void a bankruptcy case have noted that such relief is "extraordinary," a conclusion with which this Court is entirely in agreement. However, even assuming for the moment that such relief is authorized under the Bankruptcy Code or otherwise, the Court finds that the circumstances of this case do not warrant extraordinary relief.[2] The singular act of paying one's debts after filing a bankruptcy petition – while unusual – is not in and of itself extraordinary.

While there are similarities between this case and *Whitener*, there are some important differences. *Whitener* was a no-asset case in which the debtor, acting on his own after receiving his

---

[1] 57 B.R. 707 (Bankr E.D. Va. 1986).

[2] *See In re Storay*, 2006 WL 4114243 (Bankr. D. S.C. 2006) (discussing reported cases on the expungement of bankruptcy petitions).

discharge, voluntarily paid his creditors in full over a period of several years. In the instant case, however, the Debtors had significant non-exempt assets and the Trustee was prepared to liquidate those assets so that the creditors could be paid. Instead, the Debtors – prior to the entry of their discharge – borrowed some $23,000 from Alan Woods's parents and gave that money to the Trustee, who then paid the creditors in full (as well as his trustee's fee). Thus, the Debtors in this case did not voluntarily pay their creditors; they were, in a sense, compelled to pay their creditors either through the liquidation of their assets or with the money borrowed from Alan Woods's parents.[3]

Moreover, the court in *Whitener* offered absolutely no legal basis, statutory or precedential, for the relief it granted. After concluding that expungement wasn't necessary or proper under the circumstances, the *Whitener* court simply remarked that the debtor "deserved some form of relief in light of his efforts" and then declared the debtor's bankruptcy petition "null and void." Without a statutory anchor in the Bankruptcy Code, this Court does not believe it has the authority to declare voluntary bankruptcy petitions "null and void." Therefore, the Court respectfully declines to follow the holding in *Whitener*.

Finally, the Court is not sure what declaring a bankruptcy case "null and void" would accomplish. Debtor Alan Woods said at the hearing on this matter that it "might help" with his credit rating, but he admitted that he hadn't contacted any of the major credit reporting agencies, so the benefit of this motion is mere supposition. The Court appreciates the Debtors' concerns that they shouldn't be penalized with a bad credit rating after they've repaid all of their debts; at the same time, absent clear statutory or precedential authority to do so, the Court does not believe it is appropriate to nullify or void a legal proceeding that was initiated voluntarily and that proceeded to a conclusion that is provided for and contemplated by the Bankruptcy Code.

Therefore, for the reasons stated above, it is

**ORDERED** that the Debtors' motion to declare their bankruptcy case null and void is hereby DENIED.

**SO ORDERED** this 1st day of May, 2007.

---

[3] This is not the first attempt to "undo" the Debtors' bankruptcy case. Previously, the parents of Alan Woods unsuccessfully filed an objection to the Trustee's Final Report, which provided for the payment of all creditors, stating that they had loaned the Debtors the $23,000 to "pay off and stop the bankruptcy." Apparently, the parents believed that, by loaning their son the $23,000, he would obtain dismissal of the bankruptcy. However, no such dismissal was ever sought. If it had, the Court might well have granted it so long as the creditors were being paid.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
J. Kevin Checkett